UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICARDO ANDRIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC. and GUS III LLC d/b/a DRAFTKINGS PREDICTIONS,<br><br>Defendants. | Civil Action No. 1:26-cv-14670-LTS |

**DEFENDANTS DRAFTKINGS INC. AND GUS III LLC'S UNOPPOSED MOTION TO REASSIGN CASE, VACATE DEADLINE, AND SET BRIEFING SCHEDULE**

Defendants DraftKings Inc. and GUS III LLC ("Defendants"), by and through their undersigned counsel, respectfully move this Court, pursuant to Local Rules 40.1(g)(7)(B) and 40.1(j)(1) and Federal Rule of Civil Procedure 6(b)(1)(A), for the entry of an Order (1) relating this case to two previously filed actions currently pending before Chief Judge Denise Casper and reassigning this case to Chief Judge Casper; (2) vacating Defendants' deadline to answer, move, or otherwise respond to Plaintiff's Complaint; and (3) setting the briefing schedule described herein, to align this case with the actions already pending before Chief Judge Casper. In support of this Motion, Defendants state as follows:

1. Plaintiff's Complaint challenges the deployment of Defendants' Predictions platform in jurisdictions that prohibit sports betting. *See* Dkt. 1 ¶¶ 3-8.

2. Another lawsuit in this District likewise challenges Defendants' Predictions platform on substantially similar grounds. *See Chan v. DraftKings Inc.*, No. 1:26-cv-13442-DJC (D. Mass.).

3. A third lawsuit in this District, *Gordon v. DraftKings Inc.*, No. 1:26-cv-13525-WGY (D. Mass.), also challenged Defendants' Predictions platform on substantially similar

grounds. *Gordon* was consolidated with *Chan* (for pretrial purposes only) and is also pending before Chief Judge Casper. *See Gordon* Dkts. 16, 19; *Chan* Dkts. 50-51; *Chan* Caption (listing *Gordon* plaintiffs as "[c]onsolidated [p]laintiff[s]").[1]

4. As relevant here, civil cases are deemed related if (1) "some or all of the parties are the same"; and (2) the cases "involve the same or substantially similar issues of fact." L.R. 40.1(g)(1)(A), (B)(i). Further, "[i]f the defendant . . . believes that a case that has not been designated as related should have been so designated, that party shall file a motion in the later filed case for the judge's consideration of transfer or reassignment of the case." L.R. 40.1(g)(7)(B). If the judges in the two cases jointly decide that the cases are related, they "may then transfer" the later-filed case to the judge presiding over the earlier-filed case. L.R. 40.1(g)(10).

5. Like *Gordon*, the instant case is related to *Chan*. The defendants in the two cases are the same. *See* L.R. 40.1(g)(1)(A). And both cases involve "substantially similar issues of fact." L.R. 40.1(g)(1)(B)(i). In particular, both lawsuits challenge the deployment of the Predictions platform in states that prohibit sports betting. *Compare, e.g.*, Dkt. 1 ¶ 5 ("DraftKings deploys [Predictions] in jurisdictions where unlicensed sports betting is categorically illegal."), *with, e.g.*, *Chan* Dkt. 1 ¶ 2 ("In states that prohibit online sports betting . . . [DraftKings] deploys Predictions to evade those states' gambling laws, regulations, and prohibitions."). The cases thus will turn on similar factual issues such as the structuring of Predictions as "event contracts." *E.g.*, Dkt. 1 ¶ 6; *Chan* Dkt. 1 ¶ 4.

---

[1] Judge Young entered docket orders in *Gordon* stating that *Chan* and *Gordon* "will be consolidated for pre-trial purposes only," *Gordon* Dkt. 16, and that "Chief Judge Casper . . . will handle such matters," *id.* Dkt. 19. He then closed the *Gordon* docket. *See id.* Dkt. 20. In *Chan*, Judge Levenson found the motion to consolidate moot in light of the consolidation ordered in *Gordon*, *see Chan* Dkt. 50, and then set a briefing schedule for the consolidated plaintiffs, *see id.* Dkt. 51.

6. This case therefore should be reassigned to Chief Judge Casper, who presides over *Chan* (and *Gordon*). *See* L.R. 40.1(g)(10).

7. Further, "[i]n the interest of justice or to further the efficient performance of the business of the court, a district judge . . ., with respect to civil cases only and whether or not the case is related to any other case, may transfer [a] case to another district judge, if the other judge consents to the transfer." L.R. 40.1(j)(1).

8. The transfer of the instant case to Chief Judge Casper would further the efficient performance of the business of the court because this case and *Chan* involve substantially similar factual and legal issues, including whether the plaintiffs' claims are preempted by the Commodity Exchange Act.

9. In light of this requested reassignment, Defendants' October 30, 2026, deadline to respond to Plaintiff's Complaint, *see* Dkt. 16, should be vacated and replaced with a briefing schedule that aligns with the schedule recently adopted in *Chan*. Under that schedule, the *Chan* and *Gordon* consolidated plaintiffs may file an amended complaint by November 9, 2026; Defendants shall file any answer or response by December 14, 2026; the *Chan* and *Gordon* plaintiffs shall file any opposition by January 11, 2027; and Defendants shall file any reply by January 25, 2027. *See Chan* Dkt. 51. The parties' primary memoranda shall not exceed 25 pages. *See id.*

10. Counsel for Defendants has conferred with counsel for Plaintiff, who does not oppose this Motion.

11. This Motion is not made for any improper purpose or to cause undue delay, and no party will be prejudiced by the requested extension. This is Defendants' first request for an extension of any deadline.

WHEREFORE, Defendants DraftKings Inc. and GUS III LLC respectfully request that the Court grant this Motion and enter an Order (1) relating this case to *Chan* and reassigning it to Chief Judge Casper; (2) vacating the October 30, 2026, deadline to respond to Plaintiff's Complaint, *see* Dkt. 16; and (3) setting the following case deadlines: (A) Plaintiff may file an amended complaint by November 9, 2026; (B) Defendants shall file any answer or 25-page response by December 14, 2026; (C) Plaintiff shall file any 25-page opposition by January 11, 2027; and (D) Defendants shall file any 10-page reply by January 25, 2027.

DATED: October 21, 2026

Respectfully submitted,

*/s/ Andrew S. Dulberg*
Andrew S. Dulberg (BBO # 675405)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6352
Fax: (617) 526-5000
andrew.dulberg@wilmerhale.com

*Counsel for Defendants DraftKings Inc. and GUS III LLC*

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

I, Andrew S. Dulberg, hereby certify that counsel for Defendants conferred with counsel for Plaintiff regarding the relief requested in this Motion, and that Plaintiff does not oppose the relief sought.

/s/ Andrew S. Dulberg
Andrew S. Dulberg

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, the foregoing document was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Andrew S. Dulberg
Andrew S. Dulberg